IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-50024
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANCISCO FLORES-MEZA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-00-CR-1002-ALL-H
_____

October 31, 2001

Before POLITZ, WIENER, and PARKER, Circuit Judges.

PER CURIAM:[*]

Francisco Flores-Meza appeals the 46-month term of imprisonment imposed

following his conviction of being found in the United States following removal, in

violation of 8 U.S.C. § 1326. He contends that the district court erred by increasing

his offense level 16 levels pursuant to U.S.S.G. § 2L1.2(b)(1)(A) based on his prior

felony conviction of driving while intoxicated ("DWI"). He notes that under this

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court's decision in United States v. Chapa-Garza[1] that a Texas felony DWI conviction is not a "crime of violence" as defined in 18 U.S.C. § 16(b) and thus is not an aggravated felony for the purpose of a 16-level adjustment under U.S.S.G. § 2L1.2(b)(1)(A). The Government has filed an unopposed motion to remand for resentencing acknowledging that the district court, which did not have the benefit of Chapa-Garza when it sentenced Flores-Meza, erred in applying the 16-level adjustment. The motion is GRANTED.

Flores-Meza also maintains that the district court erred by enhancing his sentence based on his prior aggravated felony conviction because the fact of that conviction was not alleged in his indictment nor proved beyond a reasonable doubt. Flores-Meza's contention is foreclosed by Almendarez-Torres v. United States[2] and is moot in light of the resolution of his previous argument.

The Government's motion to remand is GRANTED, the sentence is VACATED, and this case is REMANDED for resentencing in light of Chapa-Garza.

---

[1]243 F.3d 921 (5th Cir. 2001), rehearing and rehearing en banc denied, 262 F.3d 479 (5th Cir. 2001).

[2]523 U.S. 224 (1998).